Record/FILE ON DEMAND

**Acceptance of Offer with full immunity AND WITHOUT RECOURSE!** is secured and reserved with all rights retained, Private Property no trespass permitted or allowed under common law restrictions and prohibitions.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

In the Matter of the Arbitration of Certain
Disputes, Claims and Controversies between

Marlon A. Pena,

    Petitioner,

vs.

TD AUTO FINANCE LLC., AKA,
TD BANK,TD AUTO FINANCE

    Respondents.

CASE NO.:

RECEIVED
DEC 1 8 2019
AT 8:30 _____ M
WILLIAM T. WALSH, CLERK

**PETITION FOR ORDER CONFIRMING ARBITRATION AWARD** pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 9 and 13

## VERIFIED PETITION TO CONFIRM ARBITRATION AWARD AND ENTRY OF JUDGMENT

The Petitioner, **Marlon A. Pena,** respectfully moves this Court for Original Jurisdiction, for an order and entry of a judgment confirming a final arbitration award in its entirety pursuant to **9 U.S.C. §§ 9 and § 13,** and enforcement of the award that was issued to the Petitioner (the Claimant on the award) from the Arbitration of the **Sitcomm Arbitration Association ("SAA" also known as SAA LIMITED)** by the Arbitrator of record. The **SAA** Tribunal determined that **TD AUTO FINANCE,** are liable to Petitioner for breach of Contractual Agreement (the Performance Contract) and awarded the Petitioner **$116,313.00 (One Hundred Sixteen Thousand Three Hundred Thirteen U.S. Dollars and zero cents)** in monetary damages as the agreement is coupled with interests. The award is intended to be "final and binding and enforceable in any court of competent jurisdiction".

## I.  Jurisdiction and Venue:

This court has original subject matter jurisdiction of this proceeding to confirm a final arbitration award pursuant to **9 U.S.C. § 9 and § 13**, diversity, and because the amount in controversy exceeds the sum of **$75,000.00 (28 U.S. Code § 1332)** as stipulated in the contract and the award. Venue properly is established in this judicial district pursuant to **9 U.S.C. § 9 and § 13**.

## II.  Parties

1. **Petitioner**, Marlon A. Pena is a citizen of the State of **New Jersey** with an address of **1170 Main St apt 25, River Edge, New Jersey 07661** which is within the Jurisdiction of this venue.

2. **Respondent 1**, **TD AUTO FINANCE-CEO**, principle place of business is **Portland Maine,** with an address of **Two Portland Square, Portland Maine 04112-9540** which is within the Jurisdiction of this venue because of diversity. **C T CORPORATION SYSTEM**, place of business is **Augusta Maine**, with a mailing address of **128 State St #3, Augusta, Maine 04330** which is within the Jurisdiction of this venue because of diversity.

## III.  Statement of Facts of the Case:

5. The parties agreed, in written agreements evidencing transactions involving commerce, to settle by arbitration any controversy or claim arising out of or relating in any way to this Agreement or with regard to its formation, interpretation or breach, and any issues of substantive or procedural arbitrability thereafter arising out of such contract between the parties, a true and correct copy of which is attached hereto as **Exhibit – A** which is hereby incorporated by reference in its entirety.

6. The parties submitted the controversies between them to arbitration administered by the **Sitcomm Arbitration Association ("SAA").**

7. The parties have agreed and applicable law provides that a judgment may be entered upon the Award made pursuant to the arbitration proceeding.

8. The stated hearing for the arbitration was electronically performed on **June 5, 2019** as provided on **SAA** homepage website at **www.saalimited.com**.

9. On **June 20, 2019**, the arbitrator issued an award (the "Award"), a true and correct copy of the authenticated original **Final Award** is attached hereto as **Exhibit - B** which is hereby incorporated by reference in its entirety.

10. The petitioner received the original authenticated Arbitration "Award" mailed to him from **SAA** on **June 20, 2019** and the adverse parties received a copy of the arbitration award mailed out and filed out on the record docket No. 2:17-cv-00599-MCA-LDW from **SAA** on or about **August 26, 2019 and received by on or about August 28, 2019** (See...**Exhibits – C** for proof of delivery of the award under **U.S.P.S. Priority Mail** which is hereby incorporated by reference in its entirety), therefore all parties received adequate Notice of the Award to which was delivered to their attorney/agent Attn: Jeffrey R. Johnson address located in 360 Haddon Avenue Westmont, New Jersey 08108.

11. There have been no applications nor motions filed in any **U.S. District Courts** nor any other court of Original Jurisdiction to contest the referenced award as prescribed in sections **9 U.S. Code § 10** and **§ 11**, to vacate, modify, or correct the award as of the date of the filing of this petition in the timeframe prescribed under **9 U.S. Code § 12** after a copy of the award was filed or delivered to the respondents by their attorney/ agents.

12. The court must grant the relief requested as prescribed in section **9 U.S. Code § 9**. Confirmation of an Arbitration Award is generally a "summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Florasynth, Inc. v. Pickhols, 750 F. 2d 171, 176 (2d Cir. 1984)*, the Supreme Court has explained, "(t)here is nothing malleable about 'must grant,' which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 587 (2008)*. In this case, none of the exceptions apply as there has been no applications nor motions

filed by any of the adverse parties in **U.S. District Court** or any other court of **Original Jurisdiction** as provided above to **vacate, modify, or Correct** the referenced award.

13. Confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the Federal Arbitration Act." **Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986).**

## IV.    <u>Arguments:</u>

14. The Movant has a natural right (statutory or otherwise) to an order and judgment confirming the Award and enforcing the award in its entirety. The respondents are **barred** from contesting and challenging the award, this petition for confirmation and enforcement of the award in any way, shape, form or manner as they have failed to do so within **3 months (90 days)** as the law prescribes. The applicable statutes **9 U.S.C. § 9, § 12 and § 13 states:**

**9 U.S.C. § 9:**

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon **the court must grant** such an order unless the award is **vacated, modified, or corrected** as prescribed in **sections 10 and 11** of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made. Notice of the application shall be served upon the adverse party, and thereupon the court shall have jurisdiction of such party as though he had appeared generally in the proceeding. If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident, then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court.

**9 U.S. Code § 12:**

> <u>Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered.</u> If the adverse party is a resident of the district within which the award was made, such service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court. If the adverse party shall be a nonresident then the notice of the application shall be served by the marshal of any district within which the adverse party may be found in like manner as other process of the court. For the purposes of the motion any judge who might make an order to stay the proceedings in an action brought in the same court may make an order, to be served with the notice of motion, staying

the proceedings of the adverse party to enforce the award.

**9 U.S. Code § 13:**

The party moving for an order confirming, modifying, or correcting an award shall, at the time such order is filed with the clerk for the entry of judgment thereon, also file the following papers with the clerk:
(a) The agreement; the selection or appointment, if any, of an additional arbitrator or umpire; and each written extension of the time, if any, within which to make the award.
(b) The award.
(c) Each notice, affidavit, or other paper used upon an application to confirm, modify, or correct the award, and a copy of each order of the court upon such an application.

The judgment shall be docketed as if it was rendered in an action.

The judgment so entered shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.

15. It has been over **3 months, 90 days** (the statute of limitations as prescribed in sections **9 U.S. Code § 12** to contest the award as prescribed above) since a copy of the award was filed and or delivered to the adverse parties (the respondents in this matter).

16. Courts have uniformly held that a party who fails to make a timely motion to vacate an arbitration award is barred from raising affirmative defenses in a suit to enforce the award." *See...Sheet Metals Workers Nat'l Pension Fund v. Metals & Machining Fabricators, Inc., 622 F. Supp. 116, 118 (D.D.C. 1985)*; see also *International Technologies Integration, Inc. v. Palestine Liberation Org., 66 F. Supp. 2d 3, 14 (D.D.C. 1999)*. "Any other result would do violence to the underlying purposes of arbitration in general and the FAA." *Palestine Liberation Org., 66 F. Supp. 2d at 14.* The respondents are barred from raising affirmative defenses in opposition to this petition to confirm and enforce the **"award"** and any arguments of this nature is meritless.

## V. Relief Requested:

For the foregoing reasons, the Petitioner is entitled to the following equitable relief within 45 days or less from the date of this petition: An order confirming the Award; An order against the respondents estopping them from maintaining and/or bringing forth any action against the Petitioner, the Petitioner's heirs, and/or the Petitioner's properties permanently which shall constitute as a permanent injunction against the Respondent(s) respecting Petitioner's and the Petitioner's interest, comprised and embodied within the contractual agreement; Entry of a judgment and decree which may be enforced as any other judgment and decree, and such other relief as to which the Petitioner may appear to be entitled to as provided by the award and the agreement. A Proposed Order Confirming the Arbitration Award is attached hereto as **Exhibit - D** which is hereby incorporated by reference in its entirety.

**DATED this 16 day of December, 2019.**

**RESPECTFULLY PRESENTED,**

"Without Prejudice"

*/s/ Marlon Pena*

Marlon A. Pena, Petitioner, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
c/o 1170 Main St apt 25 River Edge, NJ 07661
Phone: 347-283-3737

## AFFIDAVIT

I, Marlon A. Pena, being domiciled at c/o 1170 Main St apt 25, River Edge, NJ 07661:

1. Being a Citizen of the State of New Jersey and;
2. Being of the age of the Majority, and;
3. Filed the attached Petition for **PETITION FOR ORDER CONFIRMING ARBITRATION AWARD, ORDER FOR A PERMANENT INJUNCTION against the respondents, their successors and or assigns** in the District Court of New Jersey, says;
4. I do hereby declare under penalty of perjury, that the foregoing facts stated in the **Verified Petition to Confirm Arbitration Award** are true and correct to the best of my knowledge.

FURTHER AFFIANT SAYETH NOT.

"Without Prejudice"

_____
Marlon A. Pena, Petitioner, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
c/o 1170 Main St apt 25, River Edge, NJ 07661
Phone: 347-283-3737

## NOTORIAL

STATE OF New Jersey  )
                     )
COUNTY OF Bergen     )

On this day the 16th of December, 2019, before me personally appeared Marlon A. Pena, being identified by a valid New Jersey State Driver's License did take an oath and states that he has read the Petition for **CONFIRMING ARBITRATION AWARD** and the relief requested, and that the contents are true and correct to the best of his knowledge, and signed the documents before me.

_____  12/16/19
Notary Public Signature:            Date:

DANIEL G HALLIHAN
Notary Public, State of New Jersey
My Commission Expires:
March 19, 2024