Record/FILE ON DEMAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| Marlon A. Pena, | CASE NO.: 2:19-cv-21492-MCA-MAH |
|---|---|
| Petitioner, | PETITIONER'S OPPOSITION TO RESPONDENTS MOTION TO DISMISS AND APPLICATION FOR AN ALL WRITS ACT INJUNCTION PETITIONER'S REQUEST TO STRIKE AND PETITIONER'S CHALLENGE TO JURISDICTION |
| vs. | |
| TD AUTO FINANCE LLC; et al.; | |
| Respondents. | |

Now Comes, Petitioner **Marlon A, Pena**, by special appearance, participating under threat and/or duress and/or coercion, not submitting to the court's jurisdiction without a proper order of this court accepting jurisdiction to proceed in this matter. Petitioner hereby moves this court to deny and strike the respondents by their alleged attorneys improperly filed motion to dismiss and application for an all writs act Injunction filed on **January 7, 2020 (Doc. 2 & 2.1)** by the alleged attorney who has not produced any evidence on record that they were hired by the respondent in this case where no orders have been placed by the judge giving this court jurisdiction as prescribed under **FAA statute**, codified under **9 U.S.C. § 9** as specified in the Petition to confirm arbitration award by the Petitioner to represent the respondents in a case to confirm an award. The court has not properly obtained jurisdiction and are proceeding outside of their Jurisdiction, the **Federal Rules of Civil Procedure Rule 4 & 5** and/or similar **local civil rule** for this **district court**, and the **FAA statute** improperly notifying unauthorized parties of a case through an email and allowing the respondents by their alleged attorneys who have not been properly served to appear in this case by an order of the court and service of process, who have not provided proof that they have authority to file motions/applications in this case for this matter pertaining to an award issued for breach of an agreement and where no jurisdiction has been established and are scheduling unlawful hearings without establishing jurisdiction.

### I.   PETITIONER'S OBJECTIONS TO RESPONDENT'S MOTION TO DISMISS AND APPLICATION FOR AN ALL WRITS ACT INJUCTION BY THE RESPONDENT IN ITS ENTIRETY

1. No order have been placed where this court has accepted jurisdiction in this matter giving this court jurisdiction to proceed in the manner that they are trying to proceed in and the parties have not

properly appeared in this case for this matter as a result of being served, as the **Federal Arbitration Act (FAA)** prescribes and the respondents by their alleged attorneys do not have any authority and have not produce any evidence showing they have authority to file any motions/applications in this case, for this mater at this time until this court has properly obtained jurisdiction over the respondents by service of process and/or a waiver of service and an order by the court issuing out a summons for the respondents to be served therefore their motion/application should be denied and stricken from the record and the petitioner requests/demands that their motion/application be denied and stricken from the record.

2. This is a "Petition" for Confirmation of an arbitration award governed under the **(FAA)**, not a "Complaint" as the alleged attorney's allegation constantly allege as a basis for their motion to dismiss. This court and the alleged attorneys on behalf of the respondents is required to follow the procedures as they are prescribed under the **FAA** statute, codified under **9 U.S.C. § 9, 10, 11, 12, and 13** when a notice and/or application has been filed for confirmation, vacating, modifying, and/or correcting an arbitration award as provided in Petitioner's petition for confirmation which is hereby incorporated by reference in its entirety. It seems like the magistrate judge and the respondents by their alleged attorneys are currently not following these statutes and are either in neglect of and/or being prejudicial to the petitioner's rights under the **FAA** statute for confirming the award. The respondents by their alleged attorneys have prematurely, incorrectly and/or improperly filed an motion to dismiss in a case for confirmation of an award and therefore it must be denied and stricken from the record as their motion is not a motion as prescribed under the **9 U.S.C. § 10 and 11** in a case of this nature. Confirmation can only be denied if an award has been corrected, vacated, or modified in accordance with the **Federal Arbitration Act."** *Taylor v. Nelson, 788 F.2d 220, 225 (4th Cir. 1986).*

3. The **Federal Arbitration Act (FAA), 9 U.S.C. §§ 9–11,** directs courts to confirm arbitration awards unless the award is vacated, modified, or corrected. **9 U.S.C. § 9 (stating "the court must grant such an order [to confirm]" (emphasis added));** *Washington Mut. Bank v. CrestMortg. Co., 418 F. Supp. 2d 860, 862 (N.D. Tex. Dallas Div. 2006);* **see also** *Terrell Lebeaux Warren Individually, et al. v. Benjamin Geller, et al., 2019 WL 1979925, at * 7 (E.D. La. May 3, 2019)* (stating that judicial review of arbitration decisions is "extraordinarily narrow"). **Accord** *Weinberg v. Silber, 2003 WL 147530, at * 2 (5th Cir. Jan. 6, 2003); Brabham v. A.G. Edwards & Sons Inc., 376 F.3d 377, 380 (5th Cir. 2004); Pershing LLC v. Kiebach, No. 14-2549, 2017 WL 2226130, at *2 (E.D. La. May 22, 2017), aff'd sub nom. 721 F. App'x 376 (5th Cir. 2018); Tortorich v. Musso, No. 07-3912, 2007 WL 3244396, at *2 (E.D. La. Nov. 1, 2007)*("Courts 'apply a highly deferential standard when reviewing arbitration awards.' " **(quoting** *Int'l Chem. Workers Union v. Columbian Chems. Co., 331 F. 3d 491, 494 (5th Cir. 2003)))).*

4. The FAA provides expedited judicial review to confirm, vacate, or modify arbitration awards. As noted, under **§ 9**, a court **"must"** confirm an award **"unless"** it is vacated, modified, or corrected "as prescribed" in **§§ 10 and 11. Section 10** lists grounds for vacating an award, including where the award was procured by "corruption," "fraud," or "undue means," and where the arbitrators were "guilty of misconduct," or "exceeded their powers." **Under § 11,** the grounds for modifying or correcting an award include "evident material miscalculation," "evident material mistake," and "imperfect[ions] in [a] matter of form not affecting the merits." *Hall Street Associates, LLC v. Mattel, Inc., 552 U.S. 576, 128 S.Ct. 1396, 1398, 170 L.Ed.2d 254 (2008).* None of the criteria listed

in either **§ 10 or § 11** are present here and the alleged attorneys have provided no proof on the record that pertain to this criteria.

5. The FAA prescribes a **3 month (90 days on average)** statute of limitations period under **9 U.S. Code § 12** to file a motion to vacate, modify, or correct an award after it has been filed or delivered to the adverse party or their attorney. In this case, the **three-month** limitations period for a motion to vacate the Arbitration Award began to run on or about **August 26, 2019** when a copy of the Award was **filed in case number 2:17-cv-00599-MCA-LDW and/or delivered (See Exhibit – C Proof of Delivery which all Exhibits, A through C are hereby incorporated by reference in its entirety that are filed on the record in this case)** to the adverse parties, the respondents, and that the limitations period subsequently expired on or about **December 5, 2019** which is past the time period prescribed under the **FAA statute** to contest the **final arbitration award** as referenced above. Courts have uniformly held that a party who fails to make a timely motion to vacate an arbitration award is **barred** from raising affirmative defenses in a suit to enforce the award." See…***Sheet Metals Workers Nat'l Pension Fund v. Metals & Machining Fabricators, Inc., 622 F. Supp. 116, 118 (D.D.C. 1985);*** see also ***International Technologies Integration, Inc. v. Palestine Liberation Org., 66 F. Supp. 2d 3, 14 (D.D.C. 1999).*** "Any other result would do violence to the underlying purposes of arbitration in general and the **FAA**." ***Palestine Liberation Org., 66 F. Supp. 2d at 14***. The respondents are therefore barred from raising affirmative defenses in opposition to this petition to confirm and enforce the "award" and any arguments of this nature is meritless.

6. This Court, once jurisdiction has been established over the respondents has the authority to confirm the Award under **9 U.S.C. § 9** and to enter judgment under **9 U.S.C. § 13**. Petitioners request that the Court also retain jurisdiction to enter such other and further orders as the Court deems necessary and proper.

7. The alleged attorneys on behalf of the respondents are raising disputes, claims, and or controversies that relate to the referenced agreement/contract as they had been notified continuously and have had several opportunities to raise their objection to challenge the existence of a valid arbitration agreement and its claims but failed to do so in the timeframe allowed by the presented agreement/contract and as prescribed by the FAA statute which has a status of limitations of **3 months** as presented in petitioner's petition which is hereby incorporated by reference in its entirety therefore respondents are barred from raising affirmative defenses in a suit to enforce the award as referenced above."

8. The petitioner received an award for **breach of contract** as specified in the **agreement** and **the** award which is here incorporated by reference in its entirety including any case laws provided in these instruments, not for re-litigating the claims that have allegedly been litigated in the cases the alleged attorneys on behalf of the respondents are alleging have been dismissed or dismissed with prejudice and the respondents by their alleged attorneys have provided no facts to prove otherwise and their averments are just hearsay. The award and this petition is based off the contract. The respondents by their alleged attorneys frivolous claims are just hearsay as well as they were aware of the existence of all contracts, its terms, its conditions, the waiver, the arbitration hearing, and the award and failed to challenge them in any way before the statute of limitations has passed. In the event they are trying to raise fraud claims, those averments are just hearsay as well as they have failed produced all elements of fraud to bring forth such a claim and they would have had to raise these claims as prescribed by the FAA statute as provided above, in **paragraphs 4 & 5** and are therefore barred from doing so. The

respondents holds a duty to respond to the petitioner, to provide and respond to the proof of claims/points of averment presented to the parties in the petitioners performance contract as we have a relationship with each other but they have failed to do so thereby defaulting, invoking the tacit acquiescence, their agreement, forfeiture and waiver of all rights and full consent to every condition of the agreement which include agreeing to arbitrate based off the agreement, the relinquishing of the total value of the agreement, the penalties, assessment and fees associated therewith. The respondents default, they have agreed to being **guilty of fraud, deception, racketeering** where petitioner filed in case number **2:17-cv-00599-MCA-LDW,** an **amended motion to vacate the judgment/order** placed on **August 26, 2019 (Doc. No.: 46** ) to seek justice which a copy of the award was filed notifying (publicly or otherwise) the respondents, the defendants in that case, and the court of the award granted to the petitioner based off this **"new evidence,"** the referenced agreement (see…**Exhibit-A**) and the award (see…**Exhibit – B**) which are hereby incorporated by reference in their entirety. I have a right by law to discover new evidence, obtain new evidence and produce **"new evidence"** for the record which is why this Federal District court has a civil rule, **Rule 60(b)** that allows me to file a motion to vacate a judgment/order based off of **"new evidence"** within a year of the judgment/order which I have done, in this case that **new evidence** being the **contract** and **the award** which the arbitrator has already decided is valid and enforceable. To not allow the petitioner to file a **rule 60(b) motion** and/or to not review the motion when new evidence has been produced that is prima facie evidence as agreed upon by the parties to the agreement, will be denying the petitioner the right to seek justice, and is a form of injustice, bias, and a prejudicial act by the public official, judge who may deny such a motion and/or ignore such a motion and a violation the **Federal Rules of Civil Procedure**. Although an Amended Motion to Vacate has been filed in the referenced case for the case to be dismissed without prejudice, this does not affect this current matter because that case was based upon a complaint under certain laws, and new case, this petition for confirmation of an award is based upon a breach of the reference performance agreement/contract **(Exhibit – A)** entered into by the parties, the petitioner (the claimant) and the respondents to that agreement and was applicable upon default to which **an award** was issued for breach of that agreement by an arbitrator as agreed upon by the parties, as specified by that performance agreement, its terms and conditions. The Arbitrator has confirmed that the parties entered into the agreement, that the agreement is valid and enforceable as the agreement delegates that authority and jurisdiction to the arbitrator to decide which the parties agreed that the non-defaulting party, the petitioner could choose the arbitrator/arbitration association as specified in the agreement and are two separate and different matters, to include the two creates a conflict of interest by the judge combining the two. For these reasons, the petitioner objects to the respondent's allegations in their motion to dismiss and Application for an all writs act injunction as they pertain to the contract and the petitioner allegedly re-litigating claims that have been dismissed with prejudice as being meritless and also barred as it was not raised before arbitration, during arbitration, in the manner prescribed by the statute nor in the timeframe prescribed by the FAA statute as provided above, in **paragraphs 4 & 5** and their motion to dismiss and Application for an all writs act injunction should be denied as this is a petition for confirmation of an award in regards to the agreement, not a complaint as the respondents express repeatedly throughout their motion. In fact, as provided by the agreement, the respondents has waived their rights to any objections to this petition for confirmation in this matter, see… **section 10283** of the agreement therefore the respondents motion and application for an all writs act injunction should be denied and stricken from the record.

9. The respondents are required to know the law, and follow the **FAA statute** as prescribed as I am doing and will continue to do as they were to file their notice/application as prescribed under **9 U.S.C.**

**§ 10 and 11,** in the timeframe prescribed under **9 U.S.C. § 12 (the statute of limitations)** for filing such notices/applications to contest the award and bring forth any claims regarding the agreement/contract, which they have failed to do and now are **barred** from doing so as prescribed by the **FAA's statute of limitations** as ignorance of the law is no excuse in this matter and the alleged attorneys practice law therefore should know the law. The magistrate in this matter is well aware of the amended motion to vacate as they are the same magistrates in **case No. 2:17-cv-00599-MCA-LDW** where this motion to vacate by the Plaintiff has been filed. The respondents in this matter who are the defendants in case number **2:17-cv-00599-MCA-LDW** are also in default of the referenced amended motion to vacate as they never raised any oppositions in regards to that motion and the timeframe (21 days) to raise any oppositions to that motion has already expired as well. An **entry of default** has been filed in that case as of the date of this filing therefore the respondents are not entitle to any all writs act injunctions of any kind.

10. Confirmation of the award is a separate process and I am explicitly exercising my right to that remedy at this time. This is a petition for confirmation of an arbitration award, not a complaint as the parties continue to assume. This court does not have jurisdiction to resolve any disputes, controversies between the parties related to the referenced performance agreement/contract, that has been delegated to an arbitrator as provided by the contract evidenced on the record and is hereby incorporated by reference in its entirety which the petitioner does not wish to breach nor consent to waiving. As by law 'when a contract has an arbitration clause, that requires the arbitrator determine the validity of the contract, and the arbitration clause, the courts have no business in the matter', see…**Henry Schein, Inc. v. Archer and White Sales, Inc., No. 17-1272 (U.S. Sup. Ct. Jan. 8, 2019)**, "and that courts must respect the parties' decision in their contracts (an agreement in writing as prescribed under **9 U.S.C. § 2)** to delegate the arbitrability question to the arbitration panel". In this case, the arbitrator/arbitration panel has already decided the validity of the agreement in its entirety evidenced by the referenced arbitration award, see…**Exhibit - B**. The parties, the respondents in this case were well aware of the arbitration hearing as they received notice from the arbitrator/arbitration association, were aware of the agreement/contract (the performance agreement), its terms and conditions, and have knowingly entered into them as they are and were aware of its existence as they did not make any claims that they did not understand any of the terms and conditions of this contract in the time allowed with the several opportunities they had to do so, so that we may address them specifically therefore they understood them fully and clearly and have agreed and consented to the agreement/contract in its entirety, have agreed and consented to its terms, conditions, have agreed to arbitration, have agreed to the waiver of all their rights with respects to all of the points raised in that presentment, agreement/contract by their performance, by remaining silent as provided by the agreement/contract and by tacit acquiescence evidenced by their default as they have and hold a duty to respond. All parties to the agreement referenced as the respondents have agreed that the performance agreement/contract is binding on all parties and irrevocable as evidenced by the agreement, see…**section 10285** of the agreement.

11. The parties to the performance agreement have all agreed by default that, the arbitrator may hear and decide the controversy upon evidence produced although a party who was duly notified of the arbitration proceeding did not appear; that the Undersigned deems necessary to enforce the "good faith" of ALL parties hereto within without respect to venue, jurisdiction, law, and forum the Undersigned deems appropriate (see…**sections 10289, 10290 and 10298** of the agreement). As referenced above, the parties were notified of the arbitration proceeding and have agreed that arbitration is the exclusive remedy for resolving any and all claims and controversies in regards to the

contract. By Respondent(s) failure and/or refusal to provide the requested and necessary Proof of Claims/points of averment raised in the agreement **see…Exhibit – A**, the Respondent(s) have agreed and consented that their **acts shall operate as ratification** by Respondent(s) that ALL facts as set, established, and agreed upon between the parties to the agreement, are true, correct, complete, and NOT misleading (see…**section 10288** of the agreement).

## II.      CHALLENGE TO THIS COURTS JURISDICTION

This court has not retained/established jurisdiction to proceed with any hearings in this matter, no orders have been placed on the record to confirm that this court has jurisdiction. This court must follow the **FAA** as prescribed and confirm the award and failure to do so would be construed under **18 U.S.C. 242 – Deprivation of Rights** to utilize the federal arbitration act, under color and authority of law and a clear sign of being bias and prejudicial towards the petitioner and his petition as specified above, creates a conflict of interest in this matter as specified above and I request that magistrate **Madeline Cox Arleo** recuse themselves from this case to avoid further conflict between the two matters as their actions are in and will continue to be in question and questionable as this magistrate in not following the federal rules, the law, the **FAA** as evidenced by the record and referenced above. If this court denies my petition and dismisses my case based off of an improperly filed, barred action, motion, application by the respondents on behalf of their alleged attorneys/counsel, it will also be a clear sign of being bias and prejudicial towards the petitioner, a **Deprivation of my rights** as specified above therefore I hereby raise my objections to this court's jurisdiction. I must challenge this courts subject matter jurisdiction, interim jurisdiction, personam jurisdiction since the jurisdiction over this matter is the arbitrator and the **FAA.**

- "It is basic in our law that an administrative agency may act only within the area of jurisdiction marked out for it by law. If an individual does not come within the coverage of the particular agency's enabling legislation the agency is without power to take any action which affects him." ***Endicott v Perkins, 317 US 501.*** "Once jurisdiction is challenged, the court cannot proceed when it clearly appears that the court lacks jurisdiction, the court has no authority to reach merits, but, rather, should dismiss the action." *Melo v. US, 505 F2d 1026.* The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." *Hagans v Lavine, 415 U. S. 533.*
- "Jurisdiction can be challenged at any time and in the case of Lopez it was a jury trial which was declared void for want of jurisdiction. If it [jurisdiction] doesn't exist, it cannot justify conviction or judgment. ...without which power (jurisdiction) the state CANNOT be said to be "sovereign." At best, to proceed would be in "excess" of jurisdiction which is as well fatal to the State's/ USA's cause. ***Broom v. Douglas, 75 Ala 268, 57 So. 860*** the same being jurisdictional facts FATAL to the government's cause (e.g. *see In re FNB, 152 F 64*). A judgment rendered by a court without personal jurisdiction over the defendant is void. It is a nullity. [A judgment shown to be void for lack of personal service on the defendant is a nullity.] ***Sramek v. Sramek, 17 Kan. App. 2d 573, 576-77, 840 P.2d 553 (1992), rev. denied 252 Kan. 1093 (1993).***

- "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court" ***OLD WAYNE MUT. L. ASSOC. v. McDONOUGH, 204 U. S. 8, 27 S. Ct. 236 (1907).*** "There is no discretion to ignore lack of jurisdiction." ***Joyce v. U.S. 474 2D 21.*** "Court must prove on the record, all jurisdiction facts related to the jurisdiction asserted." ***Latana v. Hopper, 102 F. 2d 188;Chicago v. New York 37 F Supp. 150.*** "The law provides that once State and Federal Jurisdiction has been challenged, it must be proven." ***Main v. Thiboutot, 100S. Ct. 2502 (1980).*** "Jurisdiction can be challenged at any time." and "Jurisdiction, once challenged, cannot be assumed and must be decided." ***Basso v. Utah Power & Light Co. 495 F 2d 906, 910.***
- "Defense of lack of jurisdiction over the subject matter may be raised at any time, even on appeal." ***Hill Top Developers v. Holiday Pines Service Corp. 478 So. 2d. 368 (Fla 2nd DCA 1985).*** "Once challenged, jurisdiction cannot be assumed, it must be proved to exist." ***Stuck v. Medical Examiners 94 Ca 2d 751. 211 P2d 389.*** "There is no discretion to ignore that lack of jurisdiction." ***Joyce v. US, 474 F2d 215.*** "The burden shifts to the court to prove jurisdiction." ***Rosemond v. Lambert, 469 F2d 416.***
- "A universal principle as old as the law is that proceedings of a court without jurisdiction are a nullity and its judgment therein without effect either on person or property." ***Norwood v. Renfield, 34 C 329; Ex parte Giambonini, 49 P. 732.*** "Jurisdiction is fundamental and a judgment rendered by a court that does not have jurisdiction to hear is void ab initio." ***In Re Application of Wyatt, 300 P. 132; Re Cavitt, 118 P2d 846.***
- **"Thus, where a judicial tribunal has no jurisdiction of the subject matter on which it assumes to act**, its proceedings are absolutely void in the fullest sense of the term." ***Dillon v. Dillon, 187 P 27.*** "**A court has no jurisdiction to determine its own jurisdiction, for a basic issue in any case before a tribunal is its power to act**, and a court must have the authority to decide that question in the first instance." ***Rescue Army v. Municipal Court of Los Angeles, 171 P2d 8; 331 US 549, 91 L. ed. 1666, 67 S.Ct. 1409.*** Where a court failed to observe safeguards, it amounts to denial of due process of law, court is deprived of juris." ***Merritt v. Hunter, C.A. Kansas 170 F2d 739.*** "A departure by a court from those recognized and established requirements of law, however close apparent adherence to mere form in method of procedure, which has the effect of depriving one of a constitutional right, is an excess of jurisdiction." ***Wuest v. Wuest, 127 P2d 934, 937.***

### III.   CONCLUSION

For the foregoing reasons, the Respondents motion to dismiss and Application for an all writs act injunction filed on **1-07-2020 (Doc. 2 & 2.1)** should be denied and stricken from the record and this court should proceed with the order and summons to gain jurisdiction in this matter, proceed with confirmation of the award without any further delays.   **DATED this 27 day of January, 2020.**

**RESPECTFULLY PRESENTED,**          "Without Prejudice"

_____ void/non assumpsit
Marlon A. Pena, Petitioner, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
c/o 1170 Main St apt 25 River Edge, NJ 07661
Phone: 347-283-3737

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of filing have been electronically mailed to all parties on the service list **by the UNITED STATES POST OFFICE via the UNITED STATES POSTAL SERVICE via First Class Postage PRIORITY MAIL.**

USPS PRIORITY # 9114 9999 4431 3786 6952 38

**RESPECTFULLY PRESENTED,**

**Addressed to:**
BROWN & CONNERY LLP
Attention: Jeffrey R. Johnson (alleged attorney/counsel for the respondent)
360 Haddon Avenue
Westmont, New Jersey 08108

"Without Prejudice"

_Marlon Peña_ _____ void/non assumpsit
Marlon A. Peña, Petitioner, Sui Juris
"All Natural Rights Explicitly Reserved and Retained"
U.C.C. 1-207/1-308, 1-103.6
c/o 1170 Main St apt 25 River Edge, NJ 07661
Phone: 347-283-3737



FROM: Marlon Pena
170 Main St Apt 25
River Edge, NJ 07661

TO: US District Court for the
District of New Jersey
50 Walnut Street
Newark, NJ 07102