**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In the Matter of the Arbitration of Certain Disputes, Claims and Controversies between<br><br>Marlon A. Pena,<br><br>Petitioner,<br><br>vs.<br><br>TD AUTO FINANCE LLC., AKA,<br>TD BANK, TD AUTO FINANCE<br><br>Respondents. | Civil Action No.: 2:19-cv-21492-MCA-MAH |

---

**BRIEF IN OPPOSITION TO PLAINTIFF MARLON A. PENA'S MOTION FOR RECONSIDERATION AND/OR TO ALTER OR AMEND A JUDGMENT PURSUANT TO FED.R.CIV.P. 59(e)**

---

**BROWN & CONNERY, LLP**
Jennifer A. Harris, Esq.
6 North Broad Street
Woodbury, New Jersey 08096
(856) 812-8900
jharris@brownconnery.com

*Attorneys for Defendant TD Auto Finance LLC*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

PROCEDURAL HISTORY ........ 2

LEGAL ARGUMENT ........ 3

I. The Legal Standard ........ 3

II. Plaintiff's Reconsideration Motion Is Untimely ........ 6

III. Plaintiff's Reconsideration Motion Does Not Meet The Stringent Standard For Reconsideration ........ 6

CONCLUSION ........ 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

Adam USA, Inc. v. Reda Sports, Inc., 220 F. App'x 139, 191 (3d Cir. 2007) .............................. 6

Brown v. Zickefoose, 2011 WL 5007829, at *2, n.3 (D.N.J. Oct. 18, 2011) .............................. 5

Carton v. Choice Point, 482 F. Supp. 2d 533, 536 (D.N.J. 2007) .............................. 6

Castro v. Bank of N.Y. Mellon, No. 20-264, 2020 WL 2542864, at *1 (W.D.N.C. May 19, 2020) .............................. 7

Cottrell v. Rowan Univ., 2013 WL 1501781, at *1 (D.N.J. Apr. 11, 2013) .............................. 4, 5

Guenzel v. Mount Olive Bd. of Educ., 2012 WL 556256, at *3 (D.N.J. Feb. 16, 2012) .............................. 6

Hunter v. Filip, 2011 WL 6303257, at *2 (D.N.J. Dec. 15, 2011) .............................. 5

In re Vehicle Carrier Servs. Antitrust Litig., 2016 WL 1628879, at *2 (D.N.J. Apr. 25, 2016) .............................. 4

Jones v. United States, 2015 WL 892617, at *1 (D.N.J. Mar. 2, 2015) .............................. 5

L Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996) .............................. 4, 6

Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) .............................. 5

Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) .............................. 4

Mitchell v. Twp. of Willingboro Municipality Gov't, 913 F. Supp. 2d 62, 78 (D.N.J. 2012) .............................. 4

N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) .............................. 5

Navraj Rest. Grp., LLC v. Panchero's Franchise Corp., 2014 WL 1405042, at *2 (D.N.J. Apr. 10, 2014) .............................. 4

NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996) .............................. 4, 5

P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) .............................. 5

Red Roof Franchising LLC, Inc. v. AA Hosp. Northshore, LLC, 937 F. Supp. 2d 537, 543 (D.N.J. 2013)....... 4

Red Roof Franchising, LLC v. Patel, 564 F. App'x 685 (3d Cir. 2014)....... 4

Roche v. New Jersey Legislature, 2011 WL 1584290, at *7 (D.N.J. Apr. 25, 2011) ....... 5

Taylor v. United States, 2016 WL 3456972, at *4 (D.N.J. June 23, 2016)....... 4

Vargas v. Comm'r of Soc. Sec., 2011 WL 1637146, at *2 (D.N.J. Apr. 28, 2011)....... 5

Waller v. Foulke Mgmt. Corp., 2012 WL 924865, at *1, n.1 (D.N.J. Mar 19, 2012)....... 3

**STATUTES**

11 U.S.C. §362(d)(1) ....... 2

**RULES**

Federal Rule Civil Procedure 50....... 7

Federal Rule Civil Procedure 52....... 7

Federal Rule Civil Procedure 59....... 7

Federal Rule of Civil 59(e) ....... passim

Federal Rule of Civil Procedure 12(b)(6) ....... 1

Local Civil Rule 7.1(i) ....... 4, 7

**OTHER AUTHORITIES**

Federal Arbitration Act, 9 U.S.C. § 9 and 13 and (b)....... 1

**INTRODUCTION**

Before the Court is *Pro Se* Plaintiff Marlon Pena's ("Plaintiff") motion for reconsideration (the "Reconsideration Motion") of this Court's July 28, 2020 Letter Order (the "July 28, 2020 Order") (a) denying Plaintiff's petition (the "Petition") for an order confirming an arbitration award pursuant to the Federal Arbitration Act ("FAA") 9 U.S.C. § 9 and 13 and (b) granting TD Auto Finance LLC's ("TDAF") cross-motion to dismiss the Petition pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Plaintiff seeks an order altering or amending the July 28, 2020 Order pursuant to Federal Rule of Civil 59(e).

Plaintiff's Reconsideration Motion is untimely pursuant to this Court's Local Rules and the Federal Rules of Civil Procedure. In addition, the Reconsideration Motion fails to meet the stringent standard applicable to a motion seeking relief from an order or judgment.

Plaintiff's Reconsideration Motion is the latest in a long line of meritless filings directed at TDAF. Despite the Court's rejection of the "arbitration award" Plaintiff sought to enforce on the basis that the award was invalid and issued by an arbitration association of questionable legitimacy, as well as the absence of an agreement between Plaintiff and TDAF to arbitrate, Plaintiff persists with his repetitive and baseless filings.

**PROCEDURAL HISTORY**

The only apparent connection between TDAF and Plaintiff, and the thread wound through each of Plaintiff's numerous filings, stems from a 2014 Toyota Camry (the "Vehicle") financed by TDAF.

On December 18, 2017, this Court dismissed Plaintiff's Complaint against TDAF in Case No. 2:17-CV-00599-MCA-LDW (the "2017 Case") without prejudice (2017 Case ECF No. 27). On September 24, 2018, this Court dismissed Plaintiff's Amended Complaint against TDAF with prejudice (2017 Case ECF No. 36). Notwithstanding the dismissal of Plaintiff's Amended Complaint with prejudice and the termination of the 2017 Case, Plaintiff continued to file seemingly random documents, remarks and notices in the 2017 Case (2017 Case ECF Nos. 37-42). On March 11, 2020, TDAF opposed a motion filed by Plaintiff seeking to vacate/set aside this Court's September 24, 2018 Order dismissing the 2017 Case with prejudice (2017 Case ECF No. 42). Plaintiff's opposed motion to vacate judgment remains pending.

In addition, Plaintiff opposed TDAF's motion for relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) filed in Plaintiff's bankruptcy Case No. 16-31221-SLM (the "Bankruptcy Case") in connection with the Vehicle (Bankruptcy Case ECF No. 40). Despite being represented by counsel in his Bankruptcy Case, Plaintiff represented himself in opposing TDAF's motion for stay relief (Bankruptcy Case ECF No. 42). Following a hearing on the contested motion for stay relief, the Court granted TDAF's motion and allowed TDAF to pursue its rights to the Vehicle (Bankruptcy Case ECF No. 44).

Moreover, on December 11, 2017, Plaintiff filed a Complaint in this Court against New York Collateral Recovery Corp, the company that allegedly repossessed the Vehicle, commencing Case No. 2:17-cv-12967-MCA-LDW (the "PAR Case"). This Court dismissed

Plaintiff's Complaint in the PAR Case on January 18, 2018 for failure to state a claim for which relief could be granted (PAR Case ECF No. 3).

Plaintiff's lawsuits and filings appear to consist of generic, non-factual claims and defenses that he found on internet websites.

On December 20, 2019, Plaintiff filed the underlying Petition for an order confirming an arbitration award pursuant to the FAA. Plaintiff contends that an entity, Sitcomm Arbitration Association ("Sitcomm"), is a real entity and that it determined that TDAF is liable to Plaintiff for breach of a so-called "Contractual Agreement," and awarded Plaintiff $116,313.00. Pl. Petition. ¶ 1. TDAF neither agreed to arbitrate nor participated in arbitration with Plaintiff. There is no dispute to be arbitrated. The "arbitration award" advanced by Plaintiff is invalid. On January 7, 2020, TDAF cross-moved to dismiss the Petition and for entry of an "All Writs Act" injunction (ECF No. 2). On July 28, 2020, this Court denied the Petition and granted TDAF's cross-motion to dismiss[1] (ECF No. 4). On August 27, 2020 filed his Reconsideration Motion (ECF No. 5).

## **LEGAL ARGUMENT**

### I. The Legal Standard

Motions for reconsideration are generally governed by Fed. R. Civ. P. 59(e).[2] Red Roof Franchising LLC, Inc. v. AA Hosp. Northshore, LLC, 937 F. Supp. 2d 537, 543 (D.N.J. 2013),

[1] No decision was issued in connection with TDAF's application for an injunction pursuant to the All Writs Act at 28 U.S.C. §165 barring Plaintiff from further frivolous filings directed at TDAF (ECF Nos. 2, 4).

[2] While motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure, "[g]enerally, a motion for reconsideration is treated as a motion to alter or amend judgment under Fed.R.Civ.P. 59(e), or as a motion for relief from judgment or order under Fed.R.Civ.P. 60(b)." Waller v. Foulke Mgmt. Corp., 2012 WL 924865, at *1, n.1 (D.N.J. Mar 19, 2012) (Exhibit P-1). Moreover, this Court has frequently termed Rule 59(e) motions as "motions for reconsideration." See NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp.

aff'd sub nom. Red Roof Franchising, LLC v. Patel, 564 F. App'x 685 (3d Cir. 2014). Under Rule 59(e), a party may file "[a] motion to alter or amend a judgment… no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e); Mitchell v. Twp. of Willingboro Municipality Gov't, 913 F. Supp. 2d 62, 78 (D.N.J. 2012) ("The provisions of Rule 59 are designed to address orders rendering a final judgment.").

The purpose of a Rule 59(e) motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996); Navraj Rest. Grp., LLC v. Panchero's Franchise Corp., 2014 WL 1405042, at *2 (D.N.J. Apr. 10, 2014) (Exhibit P-5); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Accordingly, a judgment may be altered or amended in accordance with Rule 59(e) if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court rendered the judgment in question, or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. NL Indus., 935 F. Supp. at 516; Jones v. United States, 2015 WL 892617, at *1 (D.N.J. Mar. 2,

---

513, 515 (D.N.J. 1996); Cottrell v. Rowan Univ., 2013 WL 1501781, at *1 (D.N.J. Apr. 11, 2013) (Exhibit P-2). Accordingly, this brief will address it as a motion for reconsideration.

Furthermore, while Local Civil Rule 7.1(i) generally governs motions for reconsideration in this Court, when a party does not file a motion for reconsideration within Rule 7.1(i)'s 14-day deadline, but clearly defines the motion as one pursuant to Rule 59(e), the motion will be analyzed as a Rule 59(e) motion. See Taylor v. United States, 2016 WL 3456972, at *4 (D.N.J. June 23, 2016) (Exhibit P-3). Nevertheless, "[t]he standard for a motion brought under Local Civil Rule 7.1(i) is the same as that for a motion brought under Rule 59(e)." In re Vehicle Carrier Servs. Antitrust Litig., 2016 WL 1628879, at *2 (D.N.J. Apr. 25, 2016) (Exhibit P-4); see also Mitchell v. Twp. of Willingboro Municipality Gov't, 913 F. Supp. 2d 62, 78 (D.N.J. 2012) (noting that Rule 59(e) is designed to address orders rendering a final judgment and Rule 7.1(i) is designed to address interlocutory orders).

2015) (Exhibit P-6; Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010); N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995).

A motion for reconsideration will be granted when "the Court overlooked some dispositive factual or legal matter that was presented to it," or when an error occurred which is "direct, obvious, and observable." See Jones, 2015 WL 892617, at *3; Brown v. Zickefoose, 2011 WL 5007829, at *2, n.3 (D.N.J. Oct. 18, 2011) (Exhibit P-7); see also Max's Seafood Cafe, 176 F.3d at 678 ("[R]econsideration is the appropriate means of bringing to the court's attention manifest errors of fact or law."); P. Schoenfeld Asset Management LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 2001) (The movant must show that "dispositive factual matters or controlling decisions of law were [previously] brought to the court's attention but not considered.").

In contrast, "mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law." Cottrell v. Rowan Univ., 2013 WL 1501781, at *1 (D.N.J. Apr. 11, 2013) (Exhibit P-2); see also NL Indus., 935 F. Supp. at 516 ("Reconsideration motions may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."); Hunter v. Filip, 2011 WL 6303257, at *2 (D.N.J. Dec. 15, 2011) (Exhibit P-8) ("[R]econsideration is not appropriate where the motion only raises a party's disagreement with the Court's initial decision.").

Ultimately, "[t]he Court will only entertain such a motion where the overlooked matters, if considered by the Court, might reasonably have resulted in a different conclusion." Roche v. New Jersey Legislature, 2011 WL 1584290, at *7 (D.N.J. Apr. 25, 2011) (Exhibit P-9); see e.g., Vargas v. Comm'r of Soc. Sec., 2011 WL 1637146, at *2 (D.N.J. Apr. 28, 2011) (Exhibit P-10) (granting a motion for reconsideration where the Court concluded that "it overlooked a subtle but

important problem" that may have resulted in a different conclusion); Carton v. Choice Point, 482 F. Supp. 2d 533, 536 (D.N.J. 2007) (granting a motion for reconsideration where the Court misapplied the relevant law); Guenzel v. Mount Olive Bd. of Educ., 2012 WL 556256, at *3 (D.N.J. Feb. 16, 2012) (same) (Exhibit P-11).

## II. Plaintiff's Reconsideration Motion Is Untimely

Plaintiff's Reconsideration Motion should be denied as untimely. Local Civil Rule 7.1(i) provides, "[u]nless otherwise provided by statute or rule (such as Fed. R. Civ. P. 50, 52 and 59), a motion for reconsideration shall be served and filed within 14 days after the entry of the order or judgment on the original motion by the Judge or Magistrate Judge."

In addition, Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment."

Here, the July 28, 2020 Order which Plaintiff asks the Court to reconsider was entered on July 28, 2020 (ECF No. 4) Plaintiff's Reconsideration Motion was filed on August 27, 2020 (ECF No. 5). Plaintiff's Reconsideration Motion was filed 30 days after entry of the July 28, 2020 Order. Plaintiff's Reconsideration Motion is therefore untimely under both the 14-day time limitation set forth in Local Civil Rule 7.1(i) and the 28-day time limitation set forth in Rule 59(e). "An untimely motion for reconsideration is "void and of no effect."" Adam USA, Inc. v. Reda Sports, Inc., 220 F. App'x 139, 191 (3d Cir. 2007).

## III. Plaintiff's Reconsideration Motion Does Not Meet The Stringent Standard For Reconsideration.

Plaintiff has failed to identify an intervening change in controlling law, the availability of new evidence that was not available when the court rendered the judgment in question, or the need to correct a clear error of law or fact or to prevent manifest injustice. NL Indus., 935 F.

Supp. at 516. As a result, Plaintiff's Reconsideration Motion fails to meet the standard for relief under Rule 59(e). Instead, Plaintiff's Reconsideration Motion evidences a simple disagreement with the Court's decision to deny his Petition and grant TDAF's cross-motion to dismiss.

The purported arbitration award that Plaintiff unsuccessfully sought to have confirmed is illegitimate. The award lacks factual findings and makes only generic, sweeping legal conclusions. See Petition (ECF No. 1); See also "arbitration award." (2017 Case ECF No. 42, Page TD:782-801). The July 28, 2020 Order details recent cases in which courts in other jurisdictions have refused to enforce arbitration awards issued by Sitcomm, an entity of questionable validity. See Castro v. Bank of N.Y. Mellon, No. 20-264, 2020 WL 2542864, at *1 (W.D.N.C. May 19, 2020). Plaintiff's Reconsideration Motion fails to identify any differences, let along meaningful differences, between the Sitcomm award that he sought to have confirmed and the Sitcomm awards rejected by other courts (ECF No. 5).

As a separate and independent basis to deny Plaintiff's Petition to confirm the alleged arbitral award, the Court determined that Plaintiff did not provide an agreement between TDAF and Plaintiff to submit to arbitration (ECF No. 4). Plaintiff's Reconsideration Motion does not direct the Court's attention to an agreement to arbitrate that the Court overlooked (ECF No. 5). Instead, the Reconsideration Motion simply repeats Plaintiff's request for recognition of a purported award that is ungrounded in either fact or law, devoid of even a cursory statement of the dispute being arbitrated or terms of arbitration. Id.; See also "arbitration award." (2017 Case ECF No. 42, Page TD:782-801).

Plaintiff has not directed the Court's attention to any matters or controlling decisions that could warrant altering or amending the July 28, 2020 Order dismissing his Petition seeking confirmation of an illegitimate arbitration award.

## CONCLUSION

Based on the foregoing, Plaintiff's Reconsideration Motion in connection with the Court's July 28, 2020 Order should be denied.

Respectfully submitted,

**BROWN & CONNERY, LLP**
*Attorneys for Defendant TD Auto Finance LLC*

Date: September 8, 2020

*s/ Jennifer A. Harris*
Jennifer A. Harris, Esq.
6 North Broad Street
Woodbury, New Jersey 08096
(856) 812-8900
jharris@brownconnery.com