UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARLON A. PENA,

*Petitioner,*

v.

TD AUTO FINANCE LLC,

*Respondent.*

Civil Action No. 19-21492

ORDER

**THIS MATTER** comes before the Court by way of pro se Petitioner Marlon A. Pena's, ("Petitioner") Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e), ECF No. 5,

and it appearing that Respondent TD Auto Finance LLC ("Respondent") opposes the Motion, ECF No. 6;

and it appearing that Petitioner initiated this action on December 20, 2019 by filing a petition to confirm an arbitration award allegedly issued by Sitcomm Arbitration Association ("Sitcomm"), pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-4 (the "FAA"), ECF No. 1 (the "Petition");

and it appearing that on July 28, 2020, the Court entered an Order denying the Petition and granting Respondent's cross-motion to dismiss the Petition,[1] see ECF No. 4 (the "July 28 Order");

---

[1] Petitioner argues that the Court erred by dismissing the Petition pursuant to Federal Rule of Civil Procedure 12(b)(6) because the Petition is not a "pleading" subject to dismissal under Rule 12. Petitioner is technically correct that a petition to confirm an arbitration award is not a pleading and must instead be "made and heard in the manner provided by law for the making and hearing of motions." IFC Interconsult, AG v. Safeguard Int'l Partners, LLC., 438 F.3d 298, 308 (3d Cir. 2006) (citing 9 U.S.C. § 6 and observing that the pleading requirements of Rules 8 and 12 do not apply to motions brought under the FAA). Nonetheless, the Court "properly decided the merits of the confirmation action" after reviewing the parties' submissions. Id. at 309. Petitioner's procedural argument lacks merit.

1

and it appearing that the Court denied the Petition on two grounds: (1) there is "overwhelming indicia that Sitcomm's arbitration awards are procured by fraud;" and (2) Petitioner failed to provide a valid agreement to arbitrate, id. at 2-4;[2]

and it appearing that the party seeking reconsideration pursuant to Rule 59(e) must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice," Dellobuono v. Warden Southwoods State Prison, No. 15-5689, 2017 WL 772325, at *1 (D.N.J. Feb. 28, 2017) (citing Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999));[3]

and it appearing that Petitioner argues that the Court erred in denying the Petition because there was a valid agreement to arbitrate, and because the FAA requires the Court to confirm the arbitration award;

---

[2] As discussed in the July 28 Order, Sitcomm is evidently perpetuating a scam across the country involving the use of fraudulent arbitration awards. See, e.g., Castro v. Bank of N.Y. Mellon, No. 20-264, 2020 WL 2542864, at *1 (W.D.N.C. May 19, 2020) (holding that numerous courts have recognized that [Sitcomm's] purported [arbitration] awards are unenforceable"). The Court analyzed Petitioner's alleged arbitration award and arbitration agreement and determined that they were nearly identical to those found invalid in other cases involving awards purportedly issued by Sitcomm. July 28 Order at 3 & n.2, 4 n.3. The Court further found that the supposed arbitration agreement—a document entitled "Show of Cause Proof of Claim Demand"—fails to describe the subject of the alleged dispute and provides no indication that Respondent assented to arbitration. Id. at 3-4.

[3] A motion for reconsideration may be construed "as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i)." Dellobuono, 2017 WL 772325, at *1.

As Respondent observes, Rule 59(e) motions must be filed within 28 days after the entry of the underlying judgment. Petitioner filed the instant Motion on August 27, 2020, or 30 days after the July 28 Order. The Motion therefore appears to be untimely and may be denied on that basis alone. Fed. R. Civ. P. 6(b) ("A court must not extend the time to act under [Rule 59(e)]."); cf. Adam USA, Inc. v. Reda Sports, Inc., 220 F. App'x 139, 191 (3d Cir. 2007) ("An untimely motion for reconsideration is 'void and of no effect.'"). Petitioner argues that the Motion was timely because he placed it in the mail on August 24, 2020, relying on Federal Rule of Civil Procedures 6(d). Rule 6(d) provides that when a party "must act within a specified time after being served and service is made" by mail, "3 days are added after the period would otherwise expire." By its plain language, this extension "applies only when a party is required to act within a prescribed period after service, not after filing." N.J. Dep't of Envtl. Prot. v. Exxon Mobil Corp., 381 F. Supp. 2d 398, 402 (D.N.J. 2005) (emphasis in original) (citation omitted). It does not apply to Rule 59(e) motions, which must be brought "no later than 28 days after the entry of the judgment."

In light of Petitioner's pro se status, the Court will nonetheless analyze the merits of the Motion.

and it appearing that Petitioner has failed to identify an intervening change in controlling law or new evidence related to the Petition;[4]

and it appearing that Petitioner's arguments amount to a "mere disagreement" with the Court's legal and factual conclusions, which is insufficient to support a motion for reconsideration, Dellobuono, 2017 WL 772325, at *1;

**IT IS** on this 16th day of March, 2021;

**ORDERED** that Petitioner's Motion for Reconsideration, ECF No. 5, is **DENIED**.

/s Madeline Cox Arleo
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[4] While Petitioner's memorandum is rife with citations for rudimentary legal concepts, it points to no additional facts refuting the Court's core holding, i.e., that there is no evidence that the alleged arbitration award or arbitration agreement are genuine and significant indica that they are fraudulent. July 28 Order at 2-4. For example, Petitioner has failed to explain how the Sitcomm award here differs from those rejected by other courts, noting simply that "those courts are not following the FAA." Pl. Mot. at 10.